UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 05-CR-20045-01-BC

JOHN H. McCOY, Jr.
_____/

### ORDER OF DETENTION PENDING TRIAL

In accordance with § 3142(f) of the Bail Reform Act, a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1)   There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

(2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

(1)   There is a serious risk that the defendant will not appear.
(2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II—**Written Statement of Reasons for Detention

   *See Additional Findings of Fact attached.*

**Part III**—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

**USA vs. JOHN H. McCOY, Jr.**
05-CR-20045-01-BC

## **ADDITIONAL FINDINGS OF FACT**

The Government moves for detention pursuant to 18 U.S.C. § 3142, and argues that the presumption in favor of detention applies. As this Defendant faces at least ten years potential custody, with a possible maximum of life imprisonment for alleged violations of the Controlled Substances Act, I conclude that the presumption applies. Therefore, I am required to consider whether or not there is sufficient evidence to rebut the presumption in light of the factors set forth under 18 U.S.C. § 3142(g).

As to the factors set forth in § 3142(g)(1) and (g)(2), I find that the offenses charged involve a narcotic drug, specifically crack cocaine. I also find that from the grand jury having passed an Indictment there is probable cause as to this Defendant.

As to the factors set forth in § 3142(g)(3), I find that the Defendant is a single, 27 year old male who has lived with his mother and brother at an address in Saginaw for the past three years. Prior to that, he lived at another residence in Saginaw for approximately 20 years. The Defendant has been unemployed the past three years, having last worked in Owosso at a technology firm for about six months.

As mentioned by defense counsel during the hearing, the Defendant has a number of health problems, many of which arise from two gunshot wounds suffered in 2004. The Defendant admitted to Pretrial Services that he has been using marijuana for approximately the past seven years. The Defendant stated he attended substance abuse treatment in 1999, however, a positive drug test indicates that treatment was not successful. The initial urine sample submitted to Pretrial Services by the Defendant was cold, which indicates an

attempt to control the outcome of a drug test.    Later, when requested to provide a second sample, the Defendant tested positive for marijuana.

In April of 1996, the Defendant pled guilty to two counts of Harassing and Alarming Conduct, and was sentenced to fines and costs.  Approximately 14 months later, in June of 1997, the Defendant pled guilty to Use of Marijuana and sentenced to fines and costs.  Five months later, the Defendant failed to appear for a hearing on a misdemeanor charge of Vicious Dog.  As a result, a bench warrant was issued and the Defendant was sentenced to 30 days imprisonment on this charge.  In May of 1998, the Defendant pled guilty to Resisting Arrest and sentenced to five days in jail.  Two months later the Defendant pled guilty to Possession of Marijuana, and sentenced to pay a $300.00 fine.  In August of 1998, the Defendant was found guilty of Carrying a Concealed Weapon, and sentenced to 18 months probation.  While on that probation, the Defendant pled guilty to Use of Marijuana and sentenced to fines, costs, and a one year suspension of his driving privileges.  In September of 2002, the Defendant pled guilty to Domestic Violence.  The report from Pretrial Services indicates that the Defendant has an extensive traffic record, including six failures to appear, four charges of driving while his license was suspended, and a suspension of his driving privileges as a result of drug related crimes.  Presently, the Defendant does not have a valid drivers license.

During the government's proffer, mention was made of an assault upon an informant in this case by a group of individuals that may have included the Defendant.  Although the Federal Rules of Evidence do not apply to hearings held pursuant to the Bail Reform Act, a provision of 18 U.S.C. § 3142(f) states as follows:

> The facts the judicial officer uses to support a finding pursuant to subsection (e)
> that no condition or combination of conditions will reasonably assure the safety
> of any other person and the community shall be supported by clear and
> convincing evidence.

I conclude that the government's attempt by proffer to connect the Defendant to this assault is clearly not supported by clear and convincing evidence, and I will give this portion of the government's proffer no weight in my consideration of bond.

The government also proffers that upon execution of a search warrant at a residence occupied by the Defendant, long guns were found in a bedroom the government states was occupied by the Defendant.  Defense counsel argues that the guns belonged to the Defendant's grandparents.

Defense counsel proposes the Defendant is a candidate for third party custodianship with conditions. As to the proposed custodianship arrangement, although I have no doubt that the Defendant's family would seek to support him, I note that those same family members (and the Defendant's partner) have had the opportunity to exert control over the Defendant's behavior for years.  As shown by his criminal history, they have thus far failed in those efforts, and I am convinced they are unable to maintain the level of control over this Defendant's conduct I believe is required.

As to proposed conditions of bond, I note that this Defendant has never before faced charges having potential mandatory minimum sentences, or life imprisonment.  Defendant's repeated failures to appear on lesser charges, and his consistent criminal history, which includes convictions on charges involving violence and intimidation, provide no indication that he is likely to abide by the conditions of any bond I could craft.  Moreover, Plaintiff's pattern of past behavior significantly elevates the risk that he will flee if given the chance.

As I weigh these factors under the Bail Reform Act, I conclude that the presumption in favor of detention has not been rebutted on this record.  Even if it had, there are no conditions nor any combination of conditions I could craft which would reasonably assure the

4

safety of the community or the Defendant's appearance as required for trial.  Accordingly, the government's motion to detain is **GRANTED**.

Review of this Order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.(d).

|  |  |
|---|---|
|  | s/ *Charles E. Binder* |
|  | CHARLES E. BINDER |
| Dated: December 14, 2005 | United States Magistrate Judge |

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Michael Hluchaniuk and David Koelzer, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: December 14, 2005            By     s/Jean L. Broucek
                                   Case Manager to Magistrate Judge Binder

5